## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                          Case No.: 8:16-cr-339-T-27SPF

**LARRY CHANCE COX**

_____/

## ORDER

**BEFORE THE COURT** is Defendant Cox's *pro se* "Emergency Motion for Compassionate Release" (Dkt. 203). The motion is construed as seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act. A response is unnecessary. The construed motion is **DENIED**.

On March 27, 2017, after pleading guilty to one count of conspiracy in violation of 18 U.S.C. § 371 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028(A), Cox was sentenced to 84 months imprisonment. (Dkts. 153, 156, 168 at 28). He seeks a sentence reduction based on his prison conduct, history of sleep apnea, high levels of enzymes and cholesterol, and because he is "unable to practice effective social distancing and clean hygiene to minimize the risk of exposure to this deadly corona virus." (Dkt. 203 at 3-5).

First, Cox admits that he has not exhausted administrative remedies in the Bureau of Prisons. (Id. at 5). Even if he had, he has not shown extraordinary and compelling reasons warranting a modification of his sentence. The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after exhausting administrative remedies within the

1

Bureau of Prisons. *See* First Step Act of 2018, § 603(b). While this provision provides for a sentence reduction based on "extraordinary and compelling circumstances," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of the circumstances Cox relies on fall within these circumstances. Nor does he provide any medical documentation in support of his assertions. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does "indicate that he is unable to care for himself while incarcerated").

In short, none of Cox's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination

with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

**DONE AND ORDERED** this 20th day of April, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

3